STATE v. S. G. MATLOCK.

*Indictment for Forgery—Sufficiency of Evidence—Trial— Objections to Evidence— Waiver of Objections.*

1. Where, in the trial of one charged with forgery, there was evidence that the prosecutor's cashier missed from his employer's check book two numbered blank checks; that on the afternoon of the same day defendant, who had been seen about the prosecutor's office in the forenoon, presented a check at the bank, numbered like one of the missing blank

STATE *v.* MATLOCK.

checks, and fraudulently purporting to be signed by the prosecutor; that, on being questioned by the bank teller, defendant tore up the check and ran away; and that when arrested a part of the signed check was found on him, together with a blank check, the number on which corresponded with one of the missing checks—is sufficient to establish a charge of forgery.

2. Where the answer of a witness for the State to a question put by the State is not responsive, the defendant having failed to exercise his privilege of cross-examining the witness, cannot complain because the answer is allowed to stand.

INDICTMENT for forgery, tried before *Coble, J.*, and a jury, at Spring Term, 1896, of DURHAM Superior Court. The defendant was convicted and appealed. The facts sufficiently appear in the opinion of Associate Justice MONTGOMERY.

*Attorney General* and *Messrs. Shepherd & Busbee*, for the State.

No counsel, *contra.*

MONTGOMERY, J.: On the morning of the 15th of November, 1895, J. A. Warren, who was cashier of the prosecutors, upon finding that two checks, numbered respectively 5637 and 5638, had been fraudulently detached from the check book of the prosecutors, went to the First National Bank in Durham, where the checks used by the prosecutors were made payable when properly signed and delivered, and gave notice that the two checks numbered as above had been abstracted and that a forgery was anticipated. The checks were in blank and had not been signed when last seen by Warren. The check book was kept in the office of the tobacco warehouse of the prosecutors, and the defendant had been seen in the office between the hours of 9 and 11 A. M. of the 15th of November, and also in the warehouse after dinner of the same

STATE *v.* MATLOCK.

day. About 3:30 in the afternoon of the same day the defendant presented for payment at the bank the check numbered 5637, filled in for $84, payable to S. G. Morgan or bearer, and purporting to be signed by the prosecutors and Warren. The bank teller, who had been notified, questioned the defendant so closely concerning the check that he tore it into two parts and ran from the building, the teller following him. When the defendant was arrested one part of the check was found in his pocket. Check numbered 5638, being in blank, was shown on the trial to the witness Woodall, the officer who arrested the defendant, and the witness was asked if he ever saw the check before. He answered that he found it on the person of the defendant when he arrested him. He fitted the check to the stub in the check book and showed it to the jury. The paper was then given in evidence. The defendant objected to this evidence. We do not see on what valid ground. The defendant was not represented by counsel here either in person or by brief, and we are unable to find any error in admitting the testimony or in the whole record. All the matters testified to were circumstances directly connected with the offence charged, and were material and relevant. All of it was strong testimony tending to show, especially when taken in connection with the fact that the defendant had been seen in the room in which was kept the check book on the morning of its abstraction, that the defendant was the person who took and filled out and signed the check which was presented to the bank for payment. The check book and the stubs attached, which fitted numbers 5637 and 5638, were introduced as evidence in the case. The State was allowed to ask Warren if the defendant sold any tobacco at the prosecutor's warehouse on that day. The witness answered that the defendant did not get any check if he

did sell any tobacco there that day. The defendant excepted to the answer. The answer was not responsive, but the defendant had the privilege to examine the witness further if he had so desired, and having failed to do so he cannot complain. The defendant introduced no testimony and made no exception, to the charge of the court.

No Error.